Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1986 | **DATE** | 2/20/2004 |
| **CASE TITLE** | Trish Wiggen vs. Leggett & Platt, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 23 Mar. 04 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Leggett & Platt's Motion to Dismiss is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | **FEB 2 3 2004** | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | 19 |
| | Copy to judge/magistrate judge. | | | | |
| | WAP | courtroom deputy's initials | '04 FEB 20 PM 3:40 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 20 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

TRISH WIGGEN,

    Plaintiff,

v.

LEGGETT & PLATT, INC.,

    Defendant.

Case No. 03 C 1986

Hon. Harry D. Leinenweber

DOCKETED
FEB 23 2004

MEMORANDUM OPINION AND ORDER

    Plaintiff Trish Wiggen (hereinafter, "Wiggen"), *pro se*, has brought suit against defendant Leggett & Platt, Inc. (hereinafter, "Leggett") alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3), 42 U.S.C. 2000e *et seq.*, 42 U.S.C. § 1981, 42 U.S.C. § 1983, or 29 U.S.C. § 621 *et seq.*, 42 U.S.C. §§ 12101 *et seq.*, and 42 U.S.C. § 12203. Leggett moves to dismiss, pursuant to Federal Rules of Civil Procedure 8(a)(2), 12(b)(6) and 12(f).

### I. COMPLAINT

    As Wiggen is a *pro se* plaintiff, the Court construes her complaint liberally. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). After reviewing her amended complaint, the Court determines that Wiggen really only alleges discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, (the "ADA") and retaliation in violation of 42 U.S.C. § 12203.

19

Although Wiggen claims to seek relief under other statues, the Court finds it clear from the face of the amended complaint that Wiggen does not allege conduct that violates Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3), 42 U.S.C. 2000e et seq., 42 U.S.C. § 1981, 42 U.S.C. § 1983, or 29 U.S.C. § 621 et seq. (the Age Discrimination in Employment Act). To the extent that Wiggen asserts any of these claims in her amended complaint, they are dismissed.

## II. **BACKGROUND**

Wiggen was employed by Leggett & Platt from September 13, 1993 until August 31, 2001. As early as 1994, Wiggen claims that she began suffering migraine (severe tension) headaches, and that Leggett knew of her condition. On numerous occasions, Wiggen alleges that these headaches severely impaired her physical abilities, such as by inducing noticeable vomiting. As a result of these headaches, Wiggen claims she asked her supervisor, Tina Robinson ("Robinson"), for permission to leave, but Robinson told her to "get over it." Around the same time, Wiggen insists that Leggett permitted another employee, who had undergone back surgery, to lie down in the first aid room while still receiving pay.

Wiggen alleges that she complained unsuccessfully about her treatment numerous times. In particular, Wiggen claims that on or around July 2001, she complained to Leggett & Platt about disability discrimination, but Leggett took no action. On

August 30, 2001, Wiggen informed Leggett & Platt officer "Mr. Zaerr" that she had a medical condition that would require surgery, and again complained about disability discrimination. Wiggen alleges that Zaerr responded to this by telling her to keep personal matters out of the office. Wiggen then wrote a letter requesting help from the Corporate Office before leaving work on August 30, 2001. On August 31, 2001, Wiggen was discharged.

Leggett states that it terminated Wiggen because she failed to get along with others and caused frequent disruptions in the workplace. Wiggen claims that her discharge violated a Leggett policy.

In an apparently unrelated incident, Wiggen claims that Robinson threatened her with bodily harm on July 18, 2001. Wiggen responded to this alleged threat by informing Leggett's Corporate Office and filing a police report with the Batavia Police Department. Although Jeff Hugey from the Corporate Office returned Wiggen's call at her home that evening, he transferred her complaint to Leggett's Batavia branch office and no action was taken.

On June 18, 2002, Wiggen filed a charge of disability discrimination with the Equal Employment Opportunity Commission (the "EEOC") and the Illinois Department of Human Rights (the "EEOC Charge"). The EEOC granted Wiggen a right to sue letter on

December 20, 2002, and on March 20, 2003, Wiggen filed a complaint in this Court against Leggett.

### III. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires that "[a] pleading which sets forth a claim for relief, . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A motion to dismiss under Rule 12(b)(6) tests whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In ruling on a motion to dismiss, a court must construe all well-pleaded allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.* A motion to dismiss will not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### IV. **DISCUSSION**

Leggett & Platt argues that Wiggen's Amended Complaint fails to state a cause of action, includes time barred allegations not included in her complaint filed with the EEOC, and pleads allegations and exhibits that demonstrate Wiggen's inability to make out a legally cognizable claim even if granted leave to replead.

### A. Statement of Claim Showing Pleader is Entitled to Relief

In its motion to dismiss, Leggett alleges that Wiggen fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Specifically, Leggett argues that Wiggen does not "give [Leggett & Platt] fair notice of what [Wiggen's] complaint is and *the grounds upon which it rests*." *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998)(emphasis in original).

The Court disagrees. Wiggen's amended complaint clearly states that: "[t]his is an action for employment discrimination"; "[t]he defendant discriminated against the plaintiff because of the plaintiff's . . . (c) Disability (Americans with Disabilities Act)"; "Plaintiff is alleging her disability under Title VII and/or the Americans with Disabilities Act. Migraines (severe tension) headaches"; "[t]he defendant . . . (b) terminated the plaintiff's employment"; and "[t]he defendant discriminated against the plaintiff on or about, or beginning on or about, (month) 08, (day) 31, (year) 2001." Plaintiff further sets forth specific facts recounting the incidents for which she alleges discrimination and retaliation. It is not the case here that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Therefore, the Court denies Leggett & Platt's motion to

dismiss on the grounds that Wiggen did not properly set forth a claim for relief under FED.R.CIV.P. 8(a)(2).

## B. Discrimination

### 1. Failure to State a Claim

Although Wiggen does meet the requirement of Rule 8(a)(2) to provide a short and plain statement of her claim, with respect to some of her claims, she does not meet her Rule 12(b)(6) burden of pleading a claim upon which relief can be granted. In particular, Wiggen alleges that Leggett committed discrimination by neither permitting her to lie down in a first aid room, nor allowing her to go home when she suffered from migraines. Wiggen also argues that Leggett discriminated against her by telling her to "keep personal matters out of the office" when she informed her boss of an impending surgery.

None of the above claims rise to the level of an "adverse employment action" required to sustain a discrimination claim. The Seventh Circuit holds that "adverse employment actions do not include inconveniences or minor events that makes an employee unhappy." *Hildrebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1034 (7th Cir. 2003)(internal citations omitted). Rather, "the action must cause an adverse change in the terms and conditions of employment." *Tyler v. Ispat Inland Inc.*, 245 F.3d 969, 972 (7th Cir. 2001). Accordingly, minor personal affronts,

such as those alleged by Wiggen, do not qualify. These claims are therefore dismissed.

Similarly, Wiggen also appears to allege discrimination concerning her treatment by her supervisor, Robinson, which led to Robinson allegedly threatening Wiggen with bodily harm, and Wiggen filing a police report against her. Wiggen's feuding with Robinson apparently concerned an alleged $30.00 personal debt – not Wiggen's alleged disability or perceived disability. While Wiggen may have suffered mistreatment from Robinson and Leggett regarding this alleged debt, personal disagreements do not qualify for relief under the ADA. Consequently, the Court dismisses all claims arising out of personal disputes between Wiggen and Robinson.

This leaves Wiggen with two remaining claims, each centered around her termination from Leggett – a claim for disability discrimination, and a claim for retaliation.

### 2. Waiver

Leggett argues that Wiggen waived any discrimination claims against it other than retaliatory discharge because she technically failed to allege discrimination in her EEOC Charge, as required by *Cable v. Ivy Tech State College*, 200 F.3d 467 (7th Cir. 1999). The Court disagrees. The Seventh Circuit law states that "a plaintiff may pursue claims in federal court, although not expressly alleged in the EEOC charge, if the allegations fall within the scope of those described in the charge." *Cheek v. Peabody Coal Co.*, 97 F.3d

200, 202 (7th Cir. 1996). To determine whether allegations fit this category, "courts consider whether the complaint and the charge describe the same conduct and implicate the same individuals and whether the complaint's claims and the EEOC charge cover the same time period." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

Here, although Wiggen checked only the "retaliation" box, and not the "discrimination" box, the body of her EEOC Charge clearly suggests discrimination during July and August of 2001. Specifically, Wiggen alleged that "On August 30, 2001 I made Respondent aware of another medical condition that I had and also complained again to Respondent about disability discrimination." In doing so, Wiggen's EEOC charge alleges the same conduct, against the same individuals, and during the same time period, that she does in her amended complaint. Therefore, the Court rejects Leggett's waiver argument.

### 3. Statute of Limitations

Leggett also seeks to dismiss some of Wiggen's discrimination claims for untimeliness. As the Court has already dismissed these disputed claims under Rule 12(b)(6), this argument is moot and not considered.

### C. Retaliation

Leggett also alleges that Wiggen's retaliation claim fails to state a claim under Rule 12(b)(6). The Court dismisses such claims

only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). As the Court explains below, dismissal is inappropriate here.

To prevail on her retaliation claim, Wiggen must show "that she engaged in statutorily-protected activity, that an adverse employment action occurred, and that there exists a causal link between the protected activity and the adverse employment decision." *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998). Based on this, Leggett asks that the Court dismiss Wiggen's retaliation claim on the grounds that she never engaged in a statutorily protected activity.

Wiggen objects to dismissal, claiming that her informal complaint of discrimination constitutes the necessary statutorily protected activity. In *Krause v. City of La Crosse*, 246 F.3d 995, 998 (7th Cir. 2001), the Seventh Circuit specifically declined to address whether an informal complaint can sustain a retaliation claim. However, since *Krause*, numerous District Courts within the Seventh Circuit have accepted informal complaints of discrimination as constituting the necessary statutorily protected activity. *See Congress v. Amoco Oil Co.*, 2001 U.S. Dist. LEXIS 18853 (N.D. Ill. 2001); *Czerska v. United Airlines, Inc.*, 292 F.Supp.2d 1102, 1116 (N.D. Ill. 2003); *U.S. E.E.O.C. v. Armstrong World Industries, Inc.*, 185 F.Supp.2d 932, 939-940 (C.D. Ill. 2002). As the Court

finds no authority to the contrary, it too finds that Wiggen's informal complaint constitutes statutorily protected activity.

Leggett & Platt further alleges that Wiggen's Amended Complaint fails because it does not complain of any "*bona fide* ADA issues." However, "an actual violation . . . by the employer is not a prerequisite for a retaliation claim; the employee need only have a sincere and reasonable belief that she is challenging conduct that violates [the ADA]." *Hunt-Golliday v. Metropolitan Water Reclamation Dist.*, 104 F.3d 1004, 1014 (7th Cir. 1997). Therefore, Wiggen's retaliation claim is not dependent on the underlying complaints of discrimination being meritorious.

Finally, Leggett & Platt asserts not only that Wiggen will not be able to prove the third element, a causal link between the protected activity and the adverse employment decision, but that she "never alleges this critical 'because of' element." To the contrary, in the EEOC Charge, Wiggen explicitly states "I believe that I have been retaliated against due to my prior complaints of disability discrimination in violation of the American with Disabilities Act of 1967, as amended." It is not necessary to determine at this stage whether Wiggen will be able to *prove* this causal link.

Leggett & Platt has not made the argument nor offered any support for an argument that Wiggen's charges of discrimination,

not being waived or time barred, nevertheless fail to state a claim under Rule 12(b)(6).

### D. Alternative Relief

Leggett & Platt seeks alternative relief under Federal Rule of Civil Procedure 12(f) requesting that certain portions of the Amended Complaint be stricken. Federal Rule of Civil Procedure 12(f) states that "[u]pon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Leggett & Platt's motion is granted as to Paragraphs 10, 11, and 14 as these paragraphs are immaterial to the present action. The motion is denied as to paragraph 13 because the facts stated in this paragraph are material to the Wiggen's allegations of discrimination and retaliation.

### CONCLUSION

For the reasons stated herein, Leggett & Platt's Motion to Dismiss is granted in part and denied in part, as follows:

1. The motion is granted as to all allegations in paragraphs 10, 11 and 14 of Plaintiff's Amended Complaint, and as to any claims under Title VII of the Civil Rights Act of 1964,

28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 42 U.S.C. 2000e *et seq.*, 42 U.S.C. § 1981, 42 U.S.C. § 1983, or 29 U.S.C. § 621 *et seq.* (the Age Discrimination in Employment Act).

2. The motion is granted in part and denied in part as to the claims of discrimination under 42 U.S.C. §§ 12101 *et seq.*

3. The motion is denied as to the claim of retaliation under 42 U.S.C. § 12203.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: February 20, 2004